James D. Curran, Esq.   SBN 126586
Amy K. Thomas, Esq.   SBN 202876
Wolkin · Curran, LLP
555 Montgomery Street, Suite 1100
San Francisco, California 94111
Telephone:   (415) 982-9390
Facsimile:   (415) 982-4328
E-mails:   jcurran@wolkincurran.com
          athomas@wolkincurran.com

Attorneys for Plaintiff
LIBERTY MUTUAL INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation,<br><br>Plaintiff,<br><br>v.<br><br>UPA CALIFORNIA, a California general partnership, UPA GROUP, INC., a California corporation, UPCAL CONSTRUCTION, INC., a Utah corporation, UPA RESORT CONSTRUCTION L.C., a limited liability company, PRINCIPAL PARTNERS, L.C., a limited liability company, AMAKO (U.S.), INC., a corporation, AMAKO RESORT CONSTRUCTION (U.S.), INC., a Washington corporation, AMAKO RESORT CONSTRUCTION (CALIFORNIA), INC., a California corporation, AMAKO RESORT CONSTRUCTION, INC., a corporation, ANDERSON CORPORATION, a corporation, DOUGLAS K. ANDERSON, an individual, and AMIR ETEMADI, an individual,<br><br>Defendants. | Case No. CV 08-0611 BZ<br><br>**PLAINTIFF LIBERTY MUTUAL INSURANCE COMPANY'S NOTICE OF INABILITY TO COMPLY WITH REQUIREMENTS RELATED TO FILING OF ADR FORMS** |

Plaintiff LIBERTY MUTUAL INSURANCE COMPANY ("Liberty") submits this Notice to advise the Court of Liberty's inability to comply with certain provisions of the January 25, 2008 Order Setting Initial Case Management Conference and ADR Deadlines ("CMO").

1.

PLAINTIFF LIBERTY MUTUAL INSURANCE COMPANY'S   Case No. CV 08-0611 BZ
NOTICE OF INABILITY TO COMPLY

Specifically, Liberty is presently unable to comply with the CMO's requirements regarding the filing of either a Joint ADR Certification with Stipulation, or a Notice of Need for ADR Phone Conference. Liberty's present inability to comply with said requirements is based on the following circumstances:

- With regard to defendants UPA California, and UPA Group, Inc., said defendants have commenced bankruptcy proceedings, and are thus subject to the protections of the automatic stay arising from 11 U.S.C. section 362. Docket reports evidencing those defendants' bankruptcy petitions are attached, collectively, as Exhibit 1.
- With regard to defendants Amir Etemadi, UPCAL Construction, Inc., UPA Resort Construction L.C., Principal Partners, L.C., Amako Resort Construction (U.S.), Inc., and Amako Resort Construction, Inc., said defendants have been served but have not formally appeared in this litigation. Liberty has rescinded a prior Stipulation for Extension of time for those defendants to answer Liberty's complaint, and has advised said defendants of their obligation to comply with the CMO. (A copy of an email communication so advising those defendants is attached to this Notice as Exhibit 2.) To date, neither said defendants' representative, nor any attorney(s) for said defendants have responded to Liberty's efforts to meet-and-confer as required by the CMO.
- With regard to defendants Douglas Anderson and Anderson Corporation, those defendants have not yet been served, based on said defendants' ongoing participation in settlement discussions.

In light of the above-described circumstances, Liberty is presently unable to file either a Joint ADR Certification with Stipulation, or a Notice of Need for ADR Phone Conference. Further, at this time, Liberty anticipates that it will be unable to comply with the CMO's April 28, 2008 deadlines for the filing of a FRCP 26(f) report, and the completion of initial disclosures.

2.

In light of the status of service upon, and appearances by, the named defendants other than defendants UPA California and UPA Group, Inc., it is requested that the Court revise the existing CMO, and continue the Initial Case Management Conference, presently set for May 5, 2008.

Dated: 4/15/08

Respectfully submitted,

WOLKIN • CURRAN, LLP

By: *[signature]*
James D. Curran
Amy K. Thomas

Attorneys for Plaintiff
LIBERTY MUTUAL INSURANCE COMPANY

3.

# EXHIBIT ONE

EXHIBIT ONE

BAPCPA, PlnDue

# U.S. Bankruptcy Court
## District of Nevada (Reno)
### Bankruptcy Petition #: 08-50489-gwz

*Assigned to:* GREGG W ZIVE
Chapter 11
Voluntary
Asset

*Date Filed:* 04/01/2008

*Debtor*
**UPA CALIFORNIA, G.P.**
445 S. VIRGINIA STREET
RENO, NV 89501
Tax id: 88-0458349

represented by **STEPHEN R HARRIS**
BELDING, HARRIS &
PETRONI, LTD
417 W PLUMB LN
RENO, NV 89509
(775) 786-7600
Fax : (775) 786-7764
Email: steve@renolaw.biz

*U.S. Trustee*
**U.S. TRUSTEE - RN - 11**
300 BOOTH STREET
SUITE 2129
RENO, NV 89509

| Filing Date | # | Docket Text |
|---|---|---|
| 04/01/2008 | 1 | Chapter 11 Voluntary Petition. Fee Amount $1039. filed by STEPHEN R HARRIS of BELDING, HARRIS & PETRONI, LTD on behalf of UPA CALIFORNIA, G.P.. (HARRIS, STEPHEN) (Entered: 04/01/2008) |
| 04/01/2008 | 2 | Receipt of Filing Fee for Chapter 11 Voluntary Petition (fee) - case upload(08-50489) [misc,1032u] (1039.00). Receipt number 4930199, fee amount $1039.00. (U.S. Treasury) (Entered: 04/01/2008) |
| 04/01/2008 | 3 | Meeting of Creditors to be held on 04/28/2008 at 03:00 PM at Young Bldg,Rm 2110. Last day to file Proof of Claims 07/28/2008. (Entered: 04/01/2008) |
| 04/01/2008 | 4 | Declaration Re: Electronic Filing Filed by STEPHEN R HARRIS on behalf of UPA CALIFORNIA, G.P. (HARRIS, STEPHEN) (Entered: 04/01/2008) |

BAPCPA, PlnDue

# U.S. Bankruptcy Court
# District of Nevada (Reno)
# Bankruptcy Petition #: 08-50488-gwz

*Assigned to:* GREGG W ZIVE  
Chapter 11  
Voluntary  
Asset

*Date Filed:* 04/01/2008

*Debtor*  
**UPA GROUP, INC.**  
P.O. BOX 40128  
RENO, NV 89504  
Tax id: 68-0451643

represented by **STEPHEN R HARRIS**  
BELDING, HARRIS & PETRONI, LTD  
417 W PLUMB LN  
RENO, NV 89509  
(775) 786-7600  
Fax : (775) 786-7764  
Email: steve@renolaw.biz

*U.S. Trustee*  
**U.S. TRUSTEE - RN - 11**  
300 BOOTH STREET  
SUITE 2129  
RENO, NV 89509

| Filing Date | # | Docket Text |
|---|---|---|
| 04/01/2008 | 1 | Chapter 11 Voluntary Petition. Fee Amount $1039. filed by STEPHEN R HARRIS of BELDING, HARRIS & PETRONI, LTD on behalf of UPA GROUP, INC.. (HARRIS, STEPHEN) (Entered: 04/01/2008) |
| 04/01/2008 | 2 | Receipt of Filing Fee for Chapter 11 Voluntary Petition (fee) - case upload(08-50488) [misc,1032u] (1039.00). Receipt number 4930174, fee amount $1039.00. (U.S. Treasury) (Entered: 04/01/2008) |
| 04/01/2008 | 3 | Meeting of Creditors to be held on 04/28/2008 at 02:00 PM at Young Bldg,Rm 2110. Last day to file Proof of Claims 07/28/2008. (Entered: 04/01/2008) |
| 04/01/2008 | 4 | Declaration Re: Electronic Filing Filed by STEPHEN R HARRIS on behalf of UPA GROUP, INC. (HARRIS, STEPHEN) (Entered: 04/01/2008) |

# EXHIBIT TWO

# EXHIBIT TWO

**Amy K. Thomas**

| | |
|---|---|
| **From:** | Amy K. Thomas [athomas@wolkincurran.com] |
| **Sent:** | Friday, April 11, 2008 10:25 AM |
| **To:** | 'Amir Etemadi' |
| **Cc:** | 'jcurran@wolkincurran.com'; 'Paul.Seegers@LibertyMutual.com' |
| **Subject:** | RE: Liberty Mutual Indemnity Suit |
| **Attachments:** | Court's Initial Scheduling Order.pdf |

Mr. Etemadi,
This email is directed to you as an individual, and as an officer and/or other authorized representative of the following entities: UPCAL Construction, Inc., UPA Resort Construction L.C., Principal Partners, L.C., Amako Resort Construction (U.S.), Inc., and Amako Resort Construction, Inc.

Although there was a stipulation for extension filed in Liberty Mutual's indemnity action (which stipulation was effectively rescinded by Mr. Curran's April 8th email to you, attached below), that stipulation only served to extend time for the filing of answers to Liberty Mutual's complaint. As stated in the stipulation, the extension did not and could not apply to dates that had already been scheduled by the Court and included in the Court's initial order.

The Court's initial order was provided to you as part of the service packet that included the complaint and summons. However, for your ease of reference, a copy of the Court's order is also attached to this email. As stated in that order, the parties in the indemnity action are subject to various Court-imposed deadlines, including the following:

1. April 14, 2008 is the last day for the parties to:
(a) meet and confer regarding initial disclosures, early settlement, ADR processes selection, and a discovery plan; and,
(b) file a "Joint ADR Certification with Stipulation to ADR Process" or a "Notice of Need for ADR Phone Conference."

2. April 28, 2008 is the last day for the parties to:
(a) file a Rule 26(f) Report;
(b) complete initial disclosures, or state why initial disclosures are not complete in the Rule 26(f) Report; and
(c) file a Case Management Statement.

3. May 5, 2008 is the date for the initial Case Management Conference, to be held at 4pm in Courtroom G, 15th Floor of the United States District Court for the Northern District of California, San Francisco Division. The Court's street address is 450 Golden Gate Avenue, in San Francisco.

Please contact us no later than close-of-business this Monday, April 14th, to discuss the satisfaction of the above-described April deadlines set by the Court. If an attorney has been retained to represent you in the indemnity action, or to represent any of the business entities listed above in the indemnity action, please have that attorney contact us.

Amy K. Thomas
WOLKIN CURRAN, LLP
Office: 415-982-9390 x115

4/15/2008

Mobile: 650-201-6074

---

**From:** James Curran [mailto:jcurran@wolkincurran.com]
**Sent:** Tuesday, April 08, 2008 2:58 PM
**To:** 'Amir Etemadi'
**Cc:** 'Paul.Seegers@LibertyMutual.com'; 'athomas@wolkincurran.com'
**Subject:** RE: Indemnity Suit

Amir, as an individual, and as authorized representative of

UPCAL CONSTRUCTION, INC., a Utah corporation,
UPA RESORT CONSTRUCTION L.C., a limited liability company,
PRINCIPAL PARTNERS, L.C., a limited liability company,
AMAKO RESORT CONSTRUCTION (U.S.), INC., a Washington corporation,
AMAKO RESORT CONSTRUCTION, INC., a corporation:

   The extension of time for you, as an individual, and all of the above-referenced indemnitors which have not filed for bankruptcy, is hereby rescinded.

   You, as an individual, and all of the above-referenced indemnitors, have up to and including **Thursday, May 8, 2008**, to answer Liberty's complaint. Absolutely no further extensions will be given. If Liberty is not in receipt of answers filed on behalf of you and all of the above-referenced indemnitors by Thursday, May 8, 2008, then I will file requests for entry of default on Friday, May 9, 2008.

   In the meantime, you, as an individual, and all of the above-referenced indemnitors, must comply with the Federal Rules of Civil Procedure and the Local Rules of Court, including but not limited to the Court's intial scheduling order. Please contact me today to discuss what you or your attorneys need to do.

James D. Curran
Wolkin Curran, LLP
555 Montgomery Street, Suite 1100
San Francisco, California 94111
Telephone (415) 982-9390, ext. 124#
Facsimile (415) 982-4328
jcurran@wolkincurran.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

LIBERTY MUTUAL INSURANCE
COMPANY,

        Plaintiff(s),
v.

UPA CALIFORNIA,
        Defendant(s).

No. C 08-00611 BZ

ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE
AND ADR DEADLINES

    IT IS HEREBY ORDERED that this action is assigned to the Honorable Bernard Zimmerman. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order , the Notice of Assignment of Case to a United States Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

    IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov. A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

## CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|---|---|---|
| 1/25/2008 | Complaint filed | |
| 4/14/2008 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil L.R. 16-8 |
| 4/28/2008 | *Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a)(1)<br>Civil L.R. 16-9 |
| 5/5/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Ctrm G, 15th Floor, SF at 4:00 PM | Civil L.R. 16-10 |

* If the Initial Case Management Conference is continued, the other deadlines are continued accordingly.

**STANDING ORDERS** (Rev. 01/2002)

1. Within 30 days of filing a complaint, plaintiff shall serve and file either a written consent to Magistrate Judge Zimmerman's jurisdiction or a written request for reassignment to a district judge. Within 30 days of being served with a complaint or third party complaint, a defendant or third party defendant shall serve and file either a written consent to Magistrate Judge Zimmerman's jurisdiction or a written request for reassignment to a district judge.

2. Civil law and motion is heard on the first and third Wednesdays of every month at 10:00 a.m. Criminal law and motion is heard on the second and fourth Wednesdays of every month at 1:30 p.m.

3. A copy of any brief or other document containing a legal citation **shall** be submitted to chambers on a diskette formatted preferably in WordPerfect 5, 6, 8 or 9. A chambers copy of any document **may** be submitted on CD-ROM with hypertext links to exhibits.

4. Any proposed order in a case subject to electronic filing shall be sent by e-mail to: bzpo@cand.uscourts.gov. This address is to be used only for proposed orders unless otherwise directed by the court.

5. Unless expressly requested by the Court, documents should **not be faxed** to chambers but should be filed or lodged in accordance with the Local Rules of Court. The Court should not be routinely copied on correspondence between counsel.

6. Motions for **summary judgment** shall be accompanied by a statement of

g:\bzall\orders\standord5.ord

the material facts not in dispute supported by citations to admissible evidence. The parties shall file a joint statement of undisputed facts where possible. If the parties are unable to reach complete agreement after meeting and conferring, they shall file a joint statement of the undisputed facts about which they do agree. Any party may then file a separate statement of the additional facts that the party contends are undisputed. A party who without substantial justification contends that a fact is in dispute is subject to sanctions.

7. Parties are reminded that most procedural questions are answered in the Local Rules or these Standing Orders. Parties should not contact Chambers for answers to procedural questions. The Local Rules are available for public viewing at the Court's internet site - http://www.cand.uscourts.gov.

**IT IS SO ORDERED.**

Dated:   January 16, 2002

_____
BERNARD ZIMMERMAN
United States Magistrate Judge

g:\bzall\orders\standord5.ord

# STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1. **Jurisdiction and Service**: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2. **Facts**: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3. **Legal Issues**: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4. **Motions**: All prior and pending motions, their current status, and any anticipated motions.

5. **Amendment of Pleadings**: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6. **Evidence Preservation**: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7. **Disclosures**: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8. **Discovery**: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9. **Class Actions**: If a class action, a proposal for how and when the class will be certified.

10. **Related Cases**: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. **Relief**: All relief sought through complaint or counterclaim, including the amount of any

-1-

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.  Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.  Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.  Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.  Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.  Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.  Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.  Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.  Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.**

20.  Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.