1   Gregory F. Wilson, Esq. (State Bar #78598)
    Matthew F. Quint, Esq. (State Bar #54369)
2   WILSON & QUINT LLP
    250 Montgomery Street, 11th Floor
3   San Francisco, California 94104
    Telephone: (415) 288-6700
4   Facsimile:   (415) 398-1608
    Email:   gregoryfwilson@mac.com
5            mfquint@aol.com

6   Attorneys for Defendants, Counter-claimants
    and Cross-claimants UPA GROUP,
7   L.C., AMAKO RESORT CONSTRUCTION
    (U.S.), INC., and AMIR ETEMADI

8

9                    UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11  LIBERTY MUTUAL INSURANCE COMPANY, a    )   CASE NO.  C 08-0611 BZ
    Massachusetts corporation,              )
12                                          )   **ANSWER, COUNTERCLAIM AND**
                     Insurance Company,     )   **CROSSCLAIM OF UPA GROUP**
13                                          )   **L.C., AMAKO RESORT**
               vs.                          )   **CONSTRUCTION (U.S.), INC.,**
14                                          )   **AND AMIR ETEMADI**
    UPA CALIFORNIA, a California general partnership,)
15  UPA GROUP, INC., a California corporation, )
    UPCAL CONSTRUCTION, INC.,               )
16  a Utah corporation, UPA RESORT          )
    CONSTRUCTION L.C., a limited liability company, )
17  PRINCIPAL PARTNERS, L.C., a limited liability )
    company, AMAKO (U.S.), INC.,            )
18  a corporation, AMAKO RESORT CONSTRUCTION )
    (U.S.), INC., a Washington corporation, AMAKO )
19  RESORT CONSTRUCTION (CALIFORNIA), INC., )
    a California corporation, AMAKO RESORT  )
20  CONSTRUCTION, INC., a corporation,      )
    ANDERSON CORPORATION, a corporation,    )
21  DOUGLAS K. ANDERSON, an individual, and )
    AMIR ETEMADI, an individual,            )
22                                          )
                     Defendants.            )
23  _____ )

24        Defendants UPA GROUP, L.C., a Utah limited liability company, formerly known as

25  UPA Resort Construction, L.C., AMAKO RESORT CONSTRUCTION (U.S.), INC., a

26  Washington corporation, and AMIR ETEMADI, an individual, by and through their counsel,

27  hereby respond to the Complaint filed January 25, 2008, by Plaintiff LIBERTY MUTUAL

28  INSURANCE COMPANY, a corporation, ("Insurance Company") as follows.

## RESPONSE TO THE ALLEGATIONS IN THE COMPLAINT

### Jurisdiction and Venue

1.      Answering paragraphs 1 and 2 of the Complaint, these answering Defendants admit that this Court has jurisdiction over this action pursuant to 28 USC §1332 based upon diversity of citizenship and amount in controversy and admit that venue is proper in the Northern District of California.  Except as hereinabove expressly admitted, these answering Defendants deny each and every remaining allegation in these paragraphs.

### Parties

2.      Answering paragraph 3 of the Complaint, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 and on the basis, deny each and every such allegation.

3.      Answering paragraph 4 of the Complaint, these answering Defendants affirmatively allege that Defendant UPA CALIFORNIA, a California general partnership, filed its Chapter 11 bankruptcy petition on or about April 1, 2008 and that this action is stayed with respect to that entity.  These answering Defendants deny each and every remaining allegation in paragraph 4 of the Complaint.

4.      Answering paragraph 5 of the Complaint, these answering Defendants affirmatively allege that UPA GROUP, INC., a California corporation, filed its Chapter 11 bankruptcy petition on or about April 1, 2008, that this action is stayed with respect to that entity and that UPA GROUP, INC. is the current name of Defendant AMAKO RESORT CONSTRUCTION (CALIFORNIA), INC.  These answering Defendants deny each and every remaining allegation in paragraph 5 of the Complaint.

5.      Answering paragraph 6 of the Complaint, these answering Defendants affirmatively allege that Defendant UPCAL CONSTRUCTION, INC. is a Utah corporation owned and controlled by Defendant DOUGLAS ANDERSON.  Defendants deny each and every

remaining allegation in paragraph 6 of the Complaint.

6.    Answering paragraph 7 of the Complaint, these answering Defendants affirmatively allege that UPA RESORT CONSTRUCTION, L.C., a Utah limited liability company, is the former name of UPA GROUP L.C., a Utah limited liability company.  Defendants deny each and every remaining allegation in paragraph 7 of the Complaint.

7.    Answering paragraph 8 of the Complaint, these answering Defendants affirmatively allege that PRINCIPAL PARTNERS, L.C. was a Utah limited liability company with its principal place of business in Salt Lake City, Utah, which was dissolved effective November 1, 2005.  These anwering Defendants deny each and every remaining allegation in paragraph 8 of the Complaint.

8.    Answering paragraph 9 of the Complaint, Defendants affirmatively allege that AMAKO (U.S.), INC., a Washington corporation, filed its Chapter 11 bankruptcy petition on or about April 1, 2008, and that this action is stayed with respect to that entity.  Defendants deny each and every remaining allegation in paragraph 9 of the Complaint.

9.    Answering paragraph 10 of the Complaint, Defendants affirmatively allege that AMAKO RESORT CONSTRUCTION (U.S.), INC. is a Washington corporation.  Defendants deny each and every remaining allegation in paragraph 10 of the Complaint.

10.    Answering paragraph 11 of the Complaint, these answering Defendants affirmatively allege that AMAKO RESORT CONSTRUCTION (CALIFORNIA), INC. is a California corporation now known as Defendant UPA GROUP, INC., a California corporation, which filed its Chapter 11 bankruptcy petition on or about April 1, 2008 and that this action is stayed with respect to that entity.  Defendants deny each and every remaining allegation in paragraph 11 of the Complaint.

11.    Answering paragraph 12 of the Complaint, these answering Defendants affirmatively allege that they are unaware of any corporate entity named AMAKO RESORT

CONSTRUCTION, INC.  On information and belief, these answering Defendants allege that Insurance Company's allegations as to AMAKO RESORT CONSTRUCTION, INC. refer to AMAKO RESORT CONSTRUCTION (CALIFORNIA), INC., a California corporation now known as UPA GROUP, INC., a California corporation, which filed its Chapter 11 bankruptcy petition on or about April 1, 2008 and that this action is stayed with respect to that entity.

12.    Answering paragraph 13 of the Complaint, these answering Defendants affirmatively allege that Anderson Corporation is a corporation organized and existing under the laws of the Utah with its principal place of business in Utah owned and controlled by Cross-defendant Douglas Anderson.  These answering Defendants deny each and every remaining allegation in paragraph 13 of the Complaint.

13.    Answering paragraph 14 of the Complaint, these answering Defendants affirmatively allege that Douglas Anderson is a citizen of the United States and a resident of the Utah. These answering Defendants deny each and every remaining allegation in paragraph 14 of the Complaint.

14.    Answering paragraph 15 of the Complaint, these answering Defendants affirmatively allege that AMIR ETEMADI is a citizen of Canada legally residing in the State of Colorado.  These answering Defendants deny each and every remaining allegation in paragraph 15 of the Complaint.

15.    Answering paragraph 16 of the Complaint, these answering Defendants affirmatively allege that the "one or more written general agreements of indemnity" referred to in paragraph 16 are documents which speak for themselves and these answering Defendants refer to such documents for their contents.  These answering Defendants deny each and every remaining allegation in paragraph 16 of the Complaint.

16.    Answering paragraph 17 of the Complaint, these answering Defendants affirmatively allege that the "one or more written general agreements of indemnity" referred to in

paragraph 17 are documents which speak for themselves and these answering Defendants refer to such documents for their contents.  These answering Defendants deny each and every remaining allegation in paragraph 17 of the Complaint.

17.    Answering paragraph 18 of the Complaint, no further answer is required of these answering Defendants.

18.    Answering paragraph 19 of the Complaint, Defendants deny each and every allegation contained therein.

### General Allegations

19.    Answering paragraphs 20 through 22 of the Complaint, these answering Defendants affirmatively allege that AMIR ETEMADI signed a General Agreement of Indemnity in 2003 which document speaks for itself.  These answering Defendants deny each and every remaining allegation of paragraphs 20 through 22.

20.    Answering paragraph 23 of the Complaint, these answering Defendants affirmatively allege that AMIR ETEMADI signed a document entitled Capital Retention Agreement in September 2002 which document speaks for itself.  These answering Defendants deny each and every remaining allegation of paragraph 23.

21.    Answering paragraphs 24 through 32 of the Complaint, these answering Defendants affirmatively allege that Insurance Company issued certain performance bonds and payment bonds on behalf of Defendant UPA CALIFORNIA, a California general partnership. Defendants deny each and every remaining allegation of paragraphs 24 through 32.

### FIRST CAUSE OF ACTION

**Breach of Indemnity Agreement Against Defendants AMIR ETEMADI, UPA GROUP L.C., a Utah limited liability company, and AMAKO RESORT CONSTRUCTION (U.S.), INC., a Washington corporation**

22.    Answering paragraph 33 of the Complaint, these answering Defendants reallege and incorporate by reference the contents of the preceding paragraphs of this Answer as though fully set forth herein.

23.    Answering paragraph 34 of the Complaint, these answering Defendants affirmative allege that Insurance Company prepared a letter dated on or about September 18, 2007 which document speaks for itself.  These answering Defendants deny each and every remaining allegation contained therein.

24.    Answering paragraphs 35 through 39 of the Complaint, these answering Defendants deny each and every allegation contained therein.

### SECOND CAUSE OF ACTION

**Specific Performance Against Defendants UPA GROUP L.C., a Utah limited liability company, AMAKO RESORT CONSTRUCTION (U.S.), INC., a Washington corporation, and AMIR ETEMADI**

25.    Answering paragraph 40 of the Complaint, these answering Defendants reallege and incorporate by reference the allegations set out in the preceding paragraphs of this Answer as though fully set forth herein.

26.    Answering paragraphs 41 through 50 of the Complaint, these answering Defendants deny each and every allegation contained therein.

### THIRD CAUSE OF ACTION

**Injunctive Relief Against UPA GROUP, INC., a Utah limited liability company, AMAKO RESORT CONSTRUCTION (U.S.), INC., a Washington corporation, and AMIR ETEMADI**

27.    Answering paragraph 51 of the Complaint, these answering Defendants reallege and incorporate by reference the allegations contained in the preceding paragraphs of this Answer as though fully set forth herein.

28.    Answering paragraphs 52 through 57 of the Complaint, these answering Defendants deny each and every allegation contained therein.

### FOURTH CAUSE OF ACTION

### Declaratory Relief Against Debtors in Possession UPA CALIFORNIA and UPA GROUP, INC.

29.    Answering paragraphs 58 through 65 of the Complaint, these answering Defendants reallege and incorporate by reference the allegations contained in the preceding paragraphs of this Answer as though fully set forth herein and no further response to this cause of action is required of these answering Defendants.

### FIFTH CAUSE OF ACTION

### *Quia Timet* Against UPA GROUP L.C., a Utah limited liability company, AMAKO RESORT CONSTRUCTION (U.S.), INC., a Washington corporation, and AMIR ETEMADI

30.    Answering paragraph 66 of the Complaint, these answering Defendants reallege and incorporate by reference the allegations contained in the preceding paragraphs of this Answer as though fully set forth herein.

31.    Answering paragraphs 67 through 72 of the Complaint, these answering Defendants deny each and every allegation contained therein.

### SIXTH CAUSE OF ACTION

### Breach of Capital Retention Agreement Against AMAKO RESORT CONSTRUCTION (U.S.), INC., a Washington corporation, and AMIR ETEMADI

32.    Answering paragraph 73 of the Complaint, these answering Defendants reallege and incorporate by reference the allegations contained in the preceding paragraphs of this Answer as though fully set forth herein.

33.    Answering paragraph 74 of the Complaint, these answering Defendants deny each and every allegation contained therein.

34.    Answering paragraph 75 of the Complaint, these answering Defendants affirmatively allege that the document referred to therein speaks for itself and these defendants refer to the document for its contents.  These answering Defendants further affirmatively allege that paragraph 75 otherwise sets out legal conclusions to which no answer is required.  These answering Defendants deny each and every remaining allegation in paragraph 75 of the Complaint.

35.    Answering paragraph 76 of the Complaint, these answering Defendants allege that the document referred to speaks for itself and these defendants refer to the document for its contents.  These answering Defendants deny each and every remaining allegation in paragraph 76 of the Complaint.

36.    Answering paragraphs 77 and 78 of the Complaint, these answering Defendants affirmatively allege that UPA CALLFORNIA, a California general partnership, filed its bankruptcy petition on or about April 1, 2008.  These answering Defendants deny each and every remaining allegation in paragraphs 77 and 78 of the Complaint.

37.    Answering paragraph 79 of the Complaint, these answering Defendants deny each and every allegation contained therein.

38.    Answering paragraph 80 of the Complaint, these answering Defendants allege that the document referred to speaks for itself and these defendants refer to the document for its contents.  These answering Defendants deny each and every remaining allegation in paragraph 80 of the Complaint.

39.    Answering paragraphs 81 through 83 of the Complaint, these answering Defendants deny each and every allegation contained therein.

## SEVENTH CAUSE OF ACTION

### Misrepresentation Against Defendant DOUGLAS ANDERSON

40.     Answering paragraphs 84 through 90 of the Complaint, these answering Defendants reallege and incorporate by reference the allegations contained in the preceding paragraphs of this Answer as though fully set forth herein and no further response is required of these answering Defendants.

## EIGHTH CAUSE OF ACTION

### Breach of Oral Agreement Against Defendant DOUGLAS ANDERSON

41.     Answering paragraph 91 of the Complaint, these answering Defendants reallege and incorporate by reference the allegations contained in the preceding paragraphs of this Answer as though fully set forth herein.

42.     Answering paragraphs 92 through 95 of the Complaint, no further response is required of these answering Defendants.

## NINTH CAUSE OF ACTION

### Misrepresentation Against UPA GROUP L.C., a Utah limited liability company

43.     Answering paragraph 96 of the Complaint, these answering Defendants reallege and incorporate by reference the allegations contained in the preceding paragraphs of this Answer as though fully set forth herein.

44.     Answering paragraph 97 of the Complaint, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97 and on that basis, deny and every such allegation.

45.     Answering paragraphs 98 through 103 of the Complaint, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraph, and on that basis, deny each and every such allegation.

WHEREFORE, these answering Defendants pray for judgment as hereinafter set forth.

## SEPARATE, ADDITIONAL AND AFFIRMATIVE DEFENSES

These answering Defendants further allege the following as their separate, additional and affirmative defenses to the causes of action alleged in the Complaint.

1.      The Complaint fails to state a claim upon which relief can be granted against these answering Defendants.

2.      The claims alleged in the Complaint are barred by the doctrine of unclean hands.

3.      The claims alleged in the Complaint are barred by the doctrine of laches.

4.      The claims alleged in the Complaint are barred by the doctrines of waiver, release, acquiescence or ratification.

5.      The claims alleged in the Complaint are barred by the doctrine of estoppel.

6.      The claims alleged in the Complaint are barred by the doctrine of superior equities.

7.      Insurance Company has failed to take reasonable action to mitigate its alleged damages, if any, and therefore the contracts alleged in Insurance Company's Complaint are void, unenforceable and exonerated as to these answering Defendants.

8.      Insurance Company is barred from the relief requested in the Complaint because of the absence of consideration, insufficiency of consideration or failure of consideration for the alleged contracts.

9.      Insurance Company failed to disclose to these answering Defendants facts known to Insurance Company  as to Insurance Company's conduct with respect to the transactions alleged in the Complaint at such times when Insurance Company had reason to believe such facts materially increased the risk beyond which these answering Defendants intended to assume at which times Insurance Company had reason to believe that such facts were unknown to these answering Defendants and at which times the Insurance Company had reasonable opportunities to

communicate such facts to these answering Defendants.  Insurance Company breached its legal duties to these answering Defendants by such failures to disclose.  The contracts alleged in Insurance Company's Complaint are therefore void, unenforceable and exonerated as to these answering Defendants.

10.     Insurance Company breached the covenant of good faith and fair dealing implied in the contracts alleged in the Complaint and therefore such contracts are void, unenforceable and exonerated as to this Defendant.

11.     Insurance Company is barred from the relief requested in the Complaint by the doctrine of mutual mistake.

12.     Insurance Company is barred from the relief requested in the Complaint by the doctrine of unilateral mistake.

13.     Insurance Company is barred from the relief requested in the Complaint because these answering Defendants have been discharged and exonerated from any and all obligations and duties arising out of the contracts alleged in Insurance Company's Complaint.

14.     Insurance Company is barred from the relief requested in the Complaint because these answering Defendants are excused from performance on any contract between these answering Defendants and Insurance Company by reason of mistake of fact or mistake of law.

15.     Insurance Company is barred from the relief requested in the Complaint because Insurance Company failed to perform conditions and requirements required by law under its contracts with Defendants and others which performance on the part of Insurance Company was a condition precedent to any performance by these answering Defendants.

16.     Insurance Company is barred from the relief requested in the Complaint because the contracts alleged in the Complaint are void and/or unenforceable.

17.     Insurance Company is barred from the relief requested in the Complaint because Insurance Company failed to exercise reasonable and ordinary care and prudence and the resulting

damages Insurance Company claims, if any, were proximately caused by Insurance Company's own negligence.

18.    Insurance Company is barred from the relief requested in the Complaint because the contracts alleged in the Complaint with these answering Defendants and others as written and as performed by Insurance Company are unconscionable.

19.    Insurance Company is barred from the relief requested in the Complaint because Insurance Company substantially and materially breached its agreements with Defendants, these answering Defendants this Defendant and others which conduct extinguishes Insurance Company's right to maintain its claim against these answering Defendants.

20.    Insurance Company is barred from the relief requested in the Complaint because each and every purported waiver of these answering Defendants' legal rights and defenses and each and every purported waiver of Insurance Company's duties and obligations to these answering Defendants is void and unenforceable as contrary to law, inequitable, unconscionable and contrary to public policy.

21.    Insurance Company is barred from the relief requested in the Complaint because of Insurance Company's misrepresentations, concealments and false promises.

22.    These answering Defendants reserves their right to amend this Answer to allege additional affirmative defenses in light of the subsequently discovered or appreciated facts.

WHEREFORE, these answering Defendants pray for judgment as follows.

1.    That Insurance Company take nothing by reason of its Complaint and that judgment be entered thereon in favor of these answering Defendants against Insurance Company;

2.    For costs of suit incurred in this action;

3.    For their attorney's fees and costs to the extent permitted by law or equity; and

4.    For such other and further relief as may be deemed just and proper in the circumstances.

DATED: May 8, 2008

WILSON & QUINT LLP

By /s/  GREGORY F. WILSON
    Gregory F. Wilson, Esq.
    Attorneys for Defendants, Counter-claimants and
    Cross claimants UPA GROUP, L.C., AMAKO
    RESORT CONSTRUCTION (U.S.), INC., and
    AMIR ETEMADI

## COUNTERCLAIM

For their Counterclaim, Defendants and Counter-claimants UPA Group L. C., a Utah limited liability company, Amako Resort Construction (U.S.), Inc., a Washington corporation and Amir Etemadi, an individual, allege against Counterdefendant Liberty Mutual Insurance Company ("Insurance Company") as follows.

## FIRST CLAIM FOR RELIEF

### (Breach of the Duty of Good Faith and Fair Dealing)

1.    Counter-claimants repeat, reallege and incorporate by this reference all of the foregoing paragraphs of their Answer and this Counterclaim as though fully set forth herein.

2.    The covenant of good faith and fair dealing was and is an implied term of the contracts alleged by Insurance Company in its Complaint and the exhibits thereto.

3.    This covenant imposed upon Insurance Company the duty to perform its obligations in good faith under its agreements with Counter-claimants and others.

4.    Insurance Company breached the covenant of good faith and fair dealing by failing to perform its obligations under its agreements and contracts with Counter-claimants and others.

5.    As a proximate result of Insurance Company's breach of the covenant of good faith and fair dealing, Counter-claimants has sustained damages in an amount in excess of $75,000 exclusive of interest and costs.

WHEREFORE, Counter-claimants pray for judgment against Insurance Company as follows.

1.    For damages for breach of the covenant of good faith and fair dealing in excess of $75,000 exclusive of interest and costs;

2.    For costs of suit;

3.    For their attorney's fees and costs to the extent permitted by law or equity; and

4.    For such other and further relief as is deemed just and proper in the circumstances.

DATED: May 8, 2008

WILSON & QUINT LLP


By /s/  GREGORY F. WILSON_____
Gregory F. Wilson, Esq.
Attorneys for Defendants, Counter-claimants and
Cross-claimants UPA GROUP, L.C., AMAKO
RESORT CONSTRUCTION (U.S.), INC., and AMIR
ETEMADI

## CROSSCLAIM

For their Crossclaim, Cross-claimants UPA Group L. C., a Utah limited liability corporation, Amako Resort Construction (U. S.), Inc., a Washington corporation and Amir Etemadi, an individual, allege against Cross-defendants Douglas Anderson, Anderson Corporation and UPCAL Construction, Inc. as follows.

### FIRST CAUSE OF ACTION AS TO ALL CROSS-DEFENDANTS

### (Equitable Indemnity)

1.    Cross-claimants allege that if Cross-claimants are found to be liable for damages, if any, allegedly sustained by Insurance Company, Cross-defendants, and each of them, have an equitable duty to indemnify Cross-claimants.  Cross-defendants, and each of them, are required by law to hold Cross-claimants harmless and to indemnify them for the amount of any judgment

or settlement Cross-claimants may be compelled to pay for and Cross-claimants's expenses,

costs of suit, attorneys' fees, and other damages which Cross-claimants may incur as a result of

this action.

2.     An actual controversy exists between Cross-claimants and Cross-defendants, and

each of them, under the circumstances alleged above.  Cross-claimants contends that Cross-

defendants are obligated to hold them harmless and reimburse them for any judgment or

settlement and for all expenses, costs of suit and arbitration, attorney' fees and other damages

incurred.  Cross-claimants is informed and believes and therefore alleges that Cross-defendants,

and each of them, deny that they have this obligation to Cross-claimants.  Multiplicity of actions

will be avoided by resolution of this Crossclaim.

WHEREFORE, Cross-claimants prays for judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION AS TO ALL CROSS-DEFENDANTS

### (Declaratory Relief - Indemnity)

3.     Cross-claimants re-allege and incorporate herein by reference the allegations set

out in the preceding paragraphs of this Crossclaim as though fully set forth herein.

4.     A dispute has arisen and an actual controversy now exists between Cross-

claimants and Cross-defendants in that Cross-claimants contend that their contractual indemnity

obligations require Cross-defendants to indemnify Cross-claimants against any of the claims of

Insurance Company against Cross-claimants.  Cross-claimants are informed and believe and on

that basis allege Cross-defendants, and each of them, deny any duty to indemnify Cross-

claimants.

5.     Cross-claimants desires a judicial determination of their respective rights and

Cross-defendants' duties in connection with the matters herein alleged, and requests declaratory

judgment as to the obligations of Cross-defendants, and each of them, to Cross-claimants.

WHEREFORE, Cross-claimants prays for judgment as hereinafter set forth.

## THIRD CAUSE OF ACTION AS TO ALL CROSS-DEFENDANTS

### (Declaratory Relief - Comparative Negligence)

6.      Cross-claimants re-allege and incorporate herein by reference the allegations set out in the preceding paragraphs of this Crossclaim as though fully set forth herein.

7.      Insurance Company has alleged in its Complaint that it has been damaged by the actions of Defendants with respect to the City Walk Project and the Curry Village Project described in Insurance Company's Complaint herein.

8.      Cross-claimants have at all times denied any and all liability in connection with the claims of Insurance Company.  If however Insurance Company establishes liability in connection with the Insurance Company claims, Cross-claimants alleges that such liability exists, if at all, only as a direct and proximate result of the acts, omissions, negligence and breaches of contract of Cross-defendants and each of them.

9.      Cross-claimants is entitled as a matter of law to a judicial determination, apportioning and affixing the comparative negligence of each Defendant named by Insurance Company in this action for any damages awarded to Insurance Company in this action.

10.      An actual controversy now exists between Cross-claimants and Cross-defendants, and each of them, as to the rights of indemnity and comparison of negligence owing to Cross-claimants by Cross-defendants in that Cross-claimants contend an indemnity obligation exists whereas Cross-defendants deny that such an indemnity obligation exists.  Multiplicity of actions will be avoided by resolution of this Complaint.

WHEREFORE, Cross-claimants prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION AS TO ALL CROSSCROSS-DEFENDANTS

### (Breach of Contract)

11.    Cross-claimants re-allege and incorporate herein by reference the allegations set out in the preceding paragraphs of this Crossclaim as though fully set forth herein.

12.    Cross-defendants, and each of them, entered into contracts and agreements with Cross-claimants.

13.    Cross-claimants has fully performed all conditions, covenants and promises required on its part to be performed in accordance with the terms and conditions of said agreements, except for those obligations that it is legally excused from performing or has been prevented from performing by the actions of the Cross-defendants.

14.    Insurance Company, in its Complaint herein, alleges that Defendants, and each if them, are liable to it for damages with respect to the City Walk Project and the Curry Village. Insurance Company's allegations have been and are denied by Crosscomplainants.  If however, Cross-claimants are found to be liable to Insurance Company, Cross-claimants allege that said liability is due to and caused by the breach of contractual obligations and duties of the above named Cross-defendants and each of them.

15.    As a direct and consequential result of the aforementioned breaches, Cross-claimants has been compelled to hire attorneys, incur attorneys' fees, investigative, court and other costs to protect itself and has therefore been damaged as the result of the breaches of each said Cross-defendants of their respective obligations in an amount presently unascertained, but including of attorneys' fees, investigative costs and expenses, and other costs and expenses incurred and to be incurred and any claims, liabilities, or obligations which Cross-claimants may be compelled to pay or respond to as a result of this pending dispute.

WHEREFORE, Cross-claimants prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION AS TO ALL CROSS-DEFENDANTS

### (Contribution)

16.     Cross-claimants re-allege and incorporate herein by reference the allegations set out in the preceding paragraphs of this Crossclaim as though fully set forth herein.

17.     Cross-claimants are informed and believe, and thereon allege, that each of the Cross-defendants is responsible in whole or in part for Cross-claimants' obligation, if any, owed to Insurance Company.  If Insurance Company recovers against Cross-claimants then Cross-claimants is entitled to contribution among and from the Cross-defendants and each of them, according to their share of the obligation, if any, owed to Insurance Company, by way of damage or loss by settlement or otherwise, or in the alternative, for any judgment rendered against Cross-claimants.

## PRAYER FOR RELIEF

WHEREFORE, Cross-claimants prays for judgment as follows:

1.     For an order of the court declaring the rights of Cross-claimants to indemnity from the Cross-defendants, and each of them, in regard to all matters alleged in the pleadings to this action and declaring the rights, duties, liabilities, and interests of the parties to this action as set forth herein;

2.     For a declaratory judgment, adjudicating the obligations of Cross-defendants, and each of them, to defend and indemnify Cross-claimants, to represent the interests of Cross-claimants, to hold Cross-claimants harmless from any judgment, arbitration award, or settlement, and to reimburse Cross-claimants for all costs, expenses, attorneys' fees, and other damages incurred in defending against Insurance Company's claims and causes of action and in prosecuting this Cross-complaint;

3.     For an order of the court declaring the comparative degree of fault for each party and the portion of their respective responsibility for Insurance Company's damages, if any;

4.      For damages for the proximate and foreseeable loss resulting from Cross-defendants' breaches, acts or omissions in an amount according to proof;

5.      For contribution as set forth herein;

6.      For interest at the legal rate on the forgoing sum or sums;

7.      For costs of suit, including attorneys' fees incurred herein; and

8.      For such other and further relief as the court may deem just and proper.

DATED: May 8, 2008

WILSON & QUINT LLP


By /s/  GREGORY F. WILSON_____
        Gregory F. Wilson, Esq.
Attorneys for Defendants, Counter-claimants and
Cross-claimants UPA GROUP, L.C., AMAKO
RESORT CONSTRUCTION (U.S.), INC., and AMIR
ETEMADI

ANSWER, COUNTERCLAIM AND CROSSCLAIM OF UPA GROUP L.C., AMAKO RESORT CONSTRUCTION (U.S.), INC.,
AND AMIR ETEMADI