James D. Curran, Esq.     SBN 126586
Amy K. Thomas, Esq.     SBN 202876
Wolkin · Curran, LLP
555 Montgomery Street, Suite 1100
San Francisco, California 94111
Telephone:    (415) 982-9390
Facsimile:     (415) 982-4328
E-mails:       jcurran@wolkincurran.com
               athomas@wolkincurran.com

Attorneys for Plaintiff
LIBERTY MUTUAL INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation,<br><br>Plaintiff,<br><br>v.<br><br>UPA CALIFORNIA, *et al.*,<br><br>Defendants.<br><br>AND RELATED CROSS-CLAIMS | Case No. CV 08-0611 BZ<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

In accordance with Civil Local Rule 16-9, and the Standing Order For All Judges of the Northern District of California re: Contents of Joint Case Management Statement, Plaintiff Liberty Mutual Insurance Company ("**Liberty**" or "**Plaintiff**") and Defendants UPA Group, L.C., Amako Resort Construction (U.S.), Inc., and Amir Etamadi (collectively, "**Appearing Defendants**") submit the following Joint Statement.

## I.    Jurisdiction, Venue and Service of Process

Subject matter jurisdiction of this matter is proper under 28 U.S.C. section 1332. There are presently no disputes regarding jurisdiction, venue or service of process.

///

///

1.

JOINT CASE MANAGEMENT STATEMENT                    CASE NO. CV 08-0611 BZ

A.  **Service of Process of Liberty's Complaint and Summons**

Regarding service of Liberty's Complaint and Summons, Defendant Amir Etamadi previously accepted service for himself, on behalf of the following other named defendants:

- UPA CALIFORNIA;
- UPA GROUP, INC.;
- UPCAL CONSTRUCTION, INC.;
- UPA RESORT CONSTRUCTION L.C.;
- PRINCIPAL PARTNERS, L.C.;
- AMAKO (U.S.), INC.;
- AMAKO RESORT CONSTRUCTION (U.S.), INC.;
- AMAKO RESORT CONSTRUCTION (CALIFORNIA), INC.; and
- AMAKO RESORT CONSTRUCTION, INC.

Defendant Amir Etamadi's acceptance of service of process on behalf of those defendants is evidenced by an Affidavit of Personal Service, signed by Mr. Etamadi, and filed with this Court by Liberty on March 11, 2008.

Since that time, the following defendants have commenced bankruptcy proceedings: UPA California, UPA Group, and Amako (U.S.), Inc. (collectively, "**Bankrupt Defendants**").

Defendants Douglas Anderson and Anderson Corp. (collectively, "**Anderson Defendants**") were dismissed by Liberty, on or about June 2, 2008, prior to formal service of process.

The **Appearing Defendants** (UPA Group, L.C.[1], Amako Resort Construction (U.S.), Inc., and Amir Etamadi) have answered Liberty's Complaint, and have filed a Counter-Claim and Cross-Claim.

---

[1] An entity called UPA Group, L.C. - which entity was not a named defendant in Liberty's Complaint - joined in the Appearing Defendants' Answer and alleged that it is the entity formerly known as UPA Resort Construction, L.C. Liberty is unable to confirm the accuracy of that allegation at this time, and Liberty reserves all rights with regard to both UPA Group, L.C. and named defendant UPA Resort Construction, L.C.

2.

JOINT CASE MANAGEMENT STATEMENT                                  CASE NO. CV 08-0611 BZ

The following named defendants (collectively referred to as "**Non-Appearing Defendants**") have been served, as evidenced by Mr. Etamadi's Affidavit of Personal Service, filed March 11, 2008, but have neither appeared nor commenced bankruptcy proceedings, nor been dismissed:

- UPCAL Construction, Inc.;
- Principal Partners, L.C.;
- Amako Resort Construction (California), Inc.; and
- Amako Resort Construction, Inc.

B.   Service of Process of Counter-Claim and Cross-Complaint.

Appearing Defendants filed their Answer, Counterclaim and Cross-Claim on May 8, 2008 ("**Responsive Pleading**") and served Plaintiff on the same date. Appearing Defendants provided Plaintiff with an extension of time to respond to the Cross-Complaint, which extension is open-ended but subject to rescission upon fifteen days' written notice to Plaintiff's counsel.

Answering Defendants' Responsive Pleading names as Cross-Defendants Douglas Anderson, Anderson Corporation and UPCAL Construction, Inc. ("collectively "**Anderson Entities**"). Appearing Defendants are informed and believe that Douglas Anderson owns and controls Anderson Corporation and UPCAL Construction, Inc. Appearing Defendants further understand and believe that Douglas Anderson has been traveling in Europe since Appearing Defendants filed their Responsive Pleading.

Plaintiff has advised Appearing Defendants that Plaintiff settled with Douglas Anderson and Anderson Corporation. On May 22, 2008, Appearing Defendants, through counsel, requested Plaintiff's counsel to provide them with a copy of its settlement agreements with Douglas Anderson and Anderson Corporation. On June 2, 2008, Plaintiff dismissed Douglas Anderson and Anderson Corporation from this action, and thereafter announced its intention to file an Amended Complaint. Appearing Defendants have stipulated that Plaintiff may do so. In this Joint Statement, Plaintiff represents it will present its Amended Complaint at the August 11, 2008 Case Management Conference.

Appearing Defendants intend to file their response to Plaintiff's amended pleading including claims against the Anderson Entities. Appearing Defendants expect to be able to serve the Anderson Entities with their response to Plaintiff's Amended Complaint within one hundred and twenty (120) days of the May 8, 2008 filing of their initial Responsive Pleading.

**II.  Summary Description of Facts Giving Rise to Action.**

The following summaries set forth the parties' respective assertions and positions regarding circumstances giving rise to this action. Nothing in this Joint Statement is, or is intended as, any admission.

    A.  Plaintiff's Contentions

Liberty and the various defendants named in Liberty's Complaint entered into written indemnity agreements, which agreements served as partial consideration for Liberty's agreement to issue surety bonds. One of those written indemnity agreements was a document captioned as a General Agreement of Indemnity, and executed on or about October 20, 2003 ("**GAI**").

In reliance upon the GAI, Liberty issued several surety bonds on behalf of various signatories to the GAI (or related entities), including construction surety bonds for: (1) a mixed-use project commonly known as Oakland City Walk ("City Walk Project"); and (2) an employee housing project located in Curry Village, within Yosemite National Park ("Curry Village Project"). Defendant UPA California was the contracting principal for those bonds, and the original general contractor for those two projects. (Defendant UPA California filed its bankruptcy petition on April 1, 2008.)

Defendant UPA California failed to complete the City Walk Project and the Curry Village Project, and failed to pay certain subcontractors and suppliers for those projects. As a result, numerous entities submitted claims under the construction surety bonds issued by Liberty. Liberty has incurred, and continues to incur, significant losses, costs and expenses due to the investigation, defense and satisfaction of claims against the construction surety bonds for said projects.

On or about September 18, 2007, Liberty requested, in writing, that Defendants, and each of them, indemnify and hold harmless Liberty from and against all claims, damages, losses, costs, and expenses which Liberty had sustained, and would sustain, in connection with the claims against the construction surety bonds on the City Walk Project and the Curry Village Project. Representatives of Liberty continued - and continue - to communicate with Defendants, both in writing and via telephone and email, regarding the bond claims and Defendants' obligations to Liberty under the GAI.

Liberty has accomplished settlement with the Anderson Defendants, and the claims against the Bankrupt Defendants presently remain stayed.

### B. Appearing Defendants' Contentions

Appearing Defendants' Responsive Pleading arises from Plaintiff's failure to perform its obligations under its agreements with Appearing Defendants and failure to act reasonably in mitigating claims under the Construction Surety Bonds issued by Plaintiff and in particular those with respect to the City Walk Project. Appearing Defendants' Responsive Pleading against the Anderson Entities seeks indemnity, contribution and damages for breach of contract.

## III. Legal Issues

The parties' respective claims in this matter arise from contractual relationships. Liberty's claims are governed by the statutory and precedential California authorities applicable to contracts.

Appearing Defendants' Responsive Pleading arises from contractual relationships as well as in equity and tort. Appearing Defendants' claims are governed by the statutory and precedential state and federal law authorities applicable to contracts, torts and equitable relief.

Liberty disputes the legality of Appearing Defendants' cross-claim against Liberty, which alleges a breach of the implied covenant of good faith and fair-dealing. Liberty contends that California law does not permit a bond principal to assert such a claim against a surety.

5.

### IV. Motions

Liberty anticipates filing a motion for summary adjudication of its First and Fourth Causes of Action. Liberty also anticipates seeking interim injunctive relief, if and as necessary, to obtain records and information that Liberty is entitled to receive under the terms of the GAI. Liberty may also seek dismissal of the Cross-Complaint, to the extent that said pleading asserts causes of action against Liberty. In addition, Liberty may pursue default judgment against the Non-Appearing Defendants.

### V. Amendment of Pleadings

Plaintiff and Appearing Defendants have stipulated to allow Plaintiff to file an Amended Complaint. Plaintiff represents that its intended amendments would not result in the assertion of new causes of action, but rather would serve a "house-keeping" function of eliminating the allegations and claims directed solely to the (now dismissed) Anderson Defendants. While Plaintiff has not yet provided Appearing Defendants with a copy of its proposed amended pleading, based upon Plaintiff's counsel's statement of its intentions regarding the amended pleading, Appearing Defendants' counsel will stipulate on the record, during the August 11, 2008 Case Management Conference, to Plaintiff's filing of an Amended Complaint. At that time, Plaintiff will present the Court with a proposed Order allowing for the filing of its Amended Complaint, to include a complete copy of the amended pleading.

### VI. Evidence Preservation

Liberty has communicated requests to all Defendants to preserve records related to the City Walk Project and Curry Village Project, as well as financial and business records.

Liberty has preserved, and will continue to preserve, both: (1) Liberty's own records pertinent to the claims against the surety bonds issued for the City Walk Project and Curry Village Project, and Liberty's own underwriting records for those bonds; and (2) all records previously given to Liberty by any of the Defendants.

Appearing Defendants have preserved and will continue to preserve their own records pertinent to the claims and defenses set out in Plaintiff's Complaint, and in

6.

1  Appearing Defendants' Responsive Pleading, as well as all records received by Appearing
2  Defendants from other parties.

### VII. Disclosures

Counsel for Liberty has conveyed to counsel for Appearing Defendants that, aside from the documents attached as exhibits to Liberty's Complaint, Liberty anticipates that its Rule 26 initial disclosures will be limited to documentation showing Liberty's losses, costs and expenses to date. Liberty is collecting such documentation, and is endeavoring to provide copies to Appearing Defendants prior to the Case Management Conference.

Counsel for Appearing Defendants requested from counsel for Plaintiff copies of all settlement agreements between Plaintiff and the Anderson Entities. This request was made on May 22, 2008 and to date Appearing Defendants have not been provided with any settlement agreements.

Counsel for Appearing Defendants is endeavoring to assemble Appearing Defendants' documents relevant to this dispute which counsel understands are at various locations and in a number of states, and expects to produce its records to Plaintiff on or before August 31, 2008.

Plaintiff and Appearing Defendants will meet and confer expeditiously in the event disputes arise regarding the parties' initial disclosures.

### VIII. Discovery

The following subsections set forth the parties' respective positions regarding discovery. Nothing in this Joint Statement is, or is intended as, any admission.

### A. Plaintiff's Contentions

No discovery has been served to date, due primarily to the parties' ongoing, informal efforts to resolve this matter. Absent settlement, or the commencement of bankruptcy proceedings by all named defendants, Liberty anticipates the preparation and service of discovery to address and investigate defendants' business relationships and affiliations, defendants' business records, construction project records, and defendants' past and present financial records.

B. <u>Appearing Defendants' Contentions</u>

Appearing Defendants anticipate serving written discovery and undertaking depositions relating to Plaintiff's actions commencing in or about 2007 and thereafter in regard to its breach of its obligations express and implied in the subject contracts and its failure to act to resolve the claims City Walk Project and Curry Village claims in a reasonable manner. In addition to their request for Plaintiff's settlement agreements with the Anderson Entities, Appearing Defendants further anticipate serving written discovery and undertaking depositions relating to Plaintiff's allegations in its Complaint against the Anderson Entities for misrepresentation and breach of oral agreement.

## IX. <u>Class Actions</u>

This Case Management topic is inapplicable in this matter.

## X. <u>Related Cases</u>

Liberty is aware of three distinct groups of pending, related cases.

A. <u>City Walk Litigation</u>

The owner of the City Walk Project commenced an action in Alameda County Superior Court in September 2007, captioned as *Olson 737-Oakland 1, LLC v. UPA California, et al.*, Case No. RG07344917. Pending Alameda County Superior Court cases related to, and consolidated with that action are:

- *Advanced T.I., Inc. v. UPA California, et al.*, Case No. RG07354725;
- *Oliveira Plastering v. UPA Group, Inc., et al.*, Case No. RG07352367;
- *Performance Contracting, Inc. v. UPA California, et al.)*, Case No. RG07344803;
- *Yingling dba All Wall & Ceiling v. UPA Group, Inc., et al.*, Case No. RG07309397;
- *SCS Flooring Systems v. UPA California, et al.*, Case No. RG08366147; and
- *Construction Protective Svc. v. UPA California, et al.*, Case No. RG07357862.

B. <u>Curry Village Litigation</u>

The original general contractor for the Curry Village Project commenced an action against UPA California and Liberty. That dispute is being arbitrated, and is captioned as *Watts Constructors v. UPA California, et al.* Case No. 74-110-Y-00130-07 (American

8.

Arbitration Association). The various, related actions commenced by subcontractors and suppliers for the Curry Village Project are as follows:

1.  <u>Cases Venued in U.S.D.C. Eastern District of California</u>

- *Viking Automatic Sprinkler Co. v. UPA California, et al.*, Case No. 2:08-cv-00363-LKK-EFB;
- *P2 Construction Management v. Miller Watts Constructors, Inc., et al.*, Case No. 1:07-CV-01850-AWI-SMS;
- *Shamrock Plumbing v. St. Paul Marine, et al.*, Case No. 1:08-cv-00602-OWW-DLB;
- *Graybar Electric Company v. Miller/Watts Constructors, Inc., et al.*, Case No. 1:06-CV-015210AWI-DLB; and
- *MC Painting v. UPA California, et al.*, Case No. 1:08-CV-00467-LJO-GSA.

2.  <u>Cases Venued in Mono County Superior Court</u>

- *Metco Engineering v. Liberty Mutual Insurance Co.*, Case No. 16180 (stayed pending arbitration).

C.  <u>Bankruptcy Proceedings</u>

The Bankrupt Defendants (UPA California, UPA Group, and Amako (U.S.), Inc.) are currently in the midst of bankruptcy proceedings in the United States Bankruptcy Court, District of Nevada (Northern Division).

**XI.   Relief Sought**

The following subsections set forth the parties' respective positions regarding relief sought in this action. Nothing in this Joint Statement is, or is intended as, any admission.

A.  <u>Plaintiff's Contentions</u>

Liberty seeks the entirety of the losses, costs and expenses Liberty has incurred as a result of claims asserted under the construction surety bonds issued for the City Walk Project and the Curry Village Project. Liberty also seeks an award of attorney fees and costs, pursuant to the terms of the GAI. Liberty may also pursue injunctive relief with regard to Defendants' assets and records, which Liberty is entitled to do under the GAI. Because Liberty continues to incur losses, costs and expenses related to the City Walk

Project and Curry Village Project, Liberty is presently unable to definitively state the dollar amount of the relief sought, but such amount is in excess of $10,000,000.00.

### B.  Appearing Defendants' Contentions

Appearing Defendants seek damages against Plaintiff and the Anderson Entities including any amounts claimed against them by Plaintiff, Appearing Defendants' losses, costs and expenses related to the City Walk and Curry Village Project and damages against the Anderson Entities caused by their misrepresentations to Plaintiff and breach of oral contract as alleged by Plaintiff. Appearing Defendants also seek an award of attorney fees and costs. Appearing Defendants are at present unable to set out their damages as they have not yet been provided with the settlement agreements between Plaintiff and the Anderson Entities.

## XII.  Settlement and ADR

Liberty and certain Defendants have negotiated, and are negotiating, in an effort to resolve this matter. Liberty has settled with the Anderson Defendants. Liberty will also pursue recovery via the bankruptcy proceedings of the Bankrupt Defendants, which recovery might influence Liberty's negotiation with remaining party-defendants.

Liberty and Appearing Defendants previously filed the requisite forms so that they may participate in a settlement conference with the magistrate assigned to this matter; the ADR telephone conference is scheduled to take place on August 5, 2008.

From Liberty's perspective, Defendants' disclosure of business and financial records is a necessary prerequisite to meaningful settlement efforts.

From Appearing Defendants' perspective, Plaintiff's disclosure of its settlement agreements with the Anderson Entities, its evidence in support of its claims against the Anderson Entities for misrepresentation and breach of oral contract and its records of its acts regarding refusal to negotiate reasonable settlements with the principals of the City Walk and Curry Village projects are necessary prerequisites to further settlement negotiations between Plaintiff and Appearing Defendants.

///

### XIII. Consent to Magistrate Judge for All Purposes

Both Liberty and Appearing Defendants have filed consent forms to allow this matter to be handled by a magistrate judge for all purposes.

### XIV. Other References

This Case Management topic is inapplicable in this matter.

### XV. Narrowing of Issues

Bifurcation of issues in this matter would not facilitate pretrial or trial activities. The parties have endeavored, and will continue in their efforts, to narrow the scope of the claims, if and to the extent possible.

From Liberty's perspective, the issues are contractual in nature and fairly straight-forward, with the exception of Appearing Defendants' cross-claim against Liberty for breach of the covenant of good-faith and fair dealing. Liberty has requested that said cross-claim be dismissed; absent Appearing Defendants' agreement on that issue, Liberty will pursue dismissal of that cross-claim via a motion.

From Appearing Defendants' perspective, Plaintiff has settled with the principal named defendants, namely the Anderson Entities, but has yet to produce its settlement agreements with those parties. In its Complaint, Plaintiff alleges both misrepresentation and breach of oral contract solely against the Anderson Entities and not against Appearing Defendants. Production of Plaintiff's settlement agreements and its evidence of the Anderson Entities' legal wrongs will allow the parties to narrow the remaining issues as to liability and damages among the remaining parties.

### XVI. Expedited Schedule

It is Liberty's position that the impediment to expedited scheduling in this matter is Defendants' ongoing refusal to provide Liberty with access to business and financial records. Liberty maintains that its claims against Defendants may be resolved via summary judgment or summary adjudication.

It is Appearing Defendants' position that the impediment to expedited scheduling is Plaintiff's refusal to provide its settlement agreements with the Anderson Entities.

11.

Appearing Defendants maintain that this matter can be efficiently analyzed and if necessary tried following discovery of Plaintiff's evidence of legal wrongs by the Anderson Entities and its records of its conduct in failing to negotiate reasonable settlements with the principals of the City Walk and Curry Village projects.

### XVII.     Scheduling

Liberty and Appearing Defendants propose the following schedule:

- February 13, 2009     Deadline to Amend Pleadings or Add Parties
- April 30, 2009        Close of Non-Expert Discovery
- May 29, 2009          Expert Disclosures
- June 26, 2009         Close of Expert Discovery
- August 31, 2009       Last Day for Hearing on Dispositive Motions
- October 2, 2009       Pretrial Conference
- October 23, 2009      Commence Trial

### XVIII.    Trial

Plaintiff and Appearing Defendants have waived their right to a jury trial and stipulated to a bench trial before the assigned magistrate. These parties estimate that a bench trial would require not less than five (5) full court days.

However, if and to the extent that any of the Non-Appearing Defendants subsequently appear and demand a jury trial, Plaintiff and Appearing Defendants anticipate that such trial would require not less than ten (10) full court days, exclusive of the voir dire process.

### XIX.     Disclosure of Interested Persons

Concurrent with this Joint Statement, Plaintiff and Appearing Defendants submit their Certification of Interested Persons or Entities, pursuant to Civil Local Rule 3-16.

Plaintiff submits that it is a corporation, privately held by Liberty Mutual Holding Company, and no other entities have a financial interest, or other interest, that would impact the proceedings in this matter.

///

Appearing Defendants submit that:

1. Defendant Amir Etamadi is an individual;

2. Defendant UPA Group, L.C. is a Utah limited liability company formerly known as UPA Resort Construction, L.C. and is wholly owned by UPA Group Holdings, Inc., a Nevada corporation which filed its Chapter 11 petition in bankruptcy on or about April 1, 2008;

3. Defendant Amako Resort Construction (U.S.), Inc. is a Washington corporation wholly owned by Amako (U.S.), Inc., a Washington corporation which filed its Chapter 11 petition in bankruptcy on or about April 1, 2008 and that no other entities have a financial interest, or other interest, that would impact the proceedings in this matter.

Dated: 8/4/2008

WOLKIN • CURRAN, LLP

By: /s/ Amy K. Thomas
James D. Curran
Amy K. Thomas

Attorneys for Plaintiff
LIBERTY MUTUAL INSURANCE COMPANY

Dated: 8/4/2008

WILSON & QUINT, LLP

By: /s/ Gregory F. Wilson
Gregory F. Wilson

Attorneys for Defendants
UPA GROUP, L.C., AMAKO RESORT CONSTRUCTION (U.S.), INC., AND AMIR ETAMADI

JOINT CASE MANAGEMENT STATEMENT                                    CASE NO. CV 08-0611 BZ