UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE CO., a Massachusetts Corp., <br><br> Plaintiff, <br><br> v. <br><br> UPA CALIFORNIA, a California general partnership, et al., <br><br> Defendants. | No. C08-0611 BZ <br><br> **ORDER SCHEDULING COURT TRIAL AND PRETRIAL MATTERS** |

Following the Case Management Conference, **IT IS HEREBY ORDERED** that the Joint Case Management Statement is adopted, except as expressly modified by this Order.  It is further **ORDERED** that:

1. <u>DATES</u>

Trial Date: **Monday, 11/16/2009, 10 days**

Pretrial Conference: **Tuesday, 10/27/2009, 4:00 p.m.**

Last Day to Hear Dispositive Motions: **Wednesday, 8/12/2009**

Last Day for Expert Discovery: **Friday, 7/2/2009**

Last Day for Rebuttal Expert Disclosure: **Friday, 6/26/2009**

Last Day for Expert Disclosure: **Friday, 6/19/2009**

1

1 | Close of Non-expert Discovery: **Friday, 6/12/2009**

2 | 2.    <u>DISCLOSURE AND DISCOVERY</u>

3 |     The parties are reminded that a failure to voluntarily
4 | disclose information pursuant to Federal Rule of Civil
5 | Procedure 26(a) or to supplement disclosures or discovery
6 | responses pursuant to Rule 26(e) may result in exclusionary
7 | sanctions.  Thirty days prior to the close of non-expert
8 | discovery, lead counsel for each party shall serve and file a
9 | certification that all supplementation has been completed.

10 |     In the event a discovery dispute arises, **lead counsel** for
11 | each party shall meet in person or, if counsel are outside the
12 | Bay Area, by telephone and make a good faith effort to resolve
13 | their dispute.  Exchanging letters or telephone messages about
14 | the dispute is insufficient.  The Court does not read
15 | subsequent positioning letters; parties shall instead make a
16 | contemporaneous record of their meeting using a tape recorder
17 | or a court reporter.

18 |     In the event they cannot resolve their dispute, the
19 | parties must participate in a telephone conference with the
20 | Court **before** filing any discovery motions or other papers.
21 | The party seeking discovery shall request a conference in a
22 | letter filed electronically not exceeding two pages (with no
23 | attachments) which briefly explains the nature of the action
24 | and the issues in dispute.  Other parties shall reply in
25 | similar fashion within two days of receiving the letter
26 | requesting the conference.  The Court will contact the parties
27 | to schedule the conference.
28 | ///

3. <u>MOTIONS</u>

Consult Civil Local Rules 7-1 through 7-5 and this Court's standing orders regarding motion practice. Motions for **summary judgment** shall be accompanied by a statement of the material facts not in dispute supported by citations to admissible evidence. The parties shall file a joint statement of undisputed facts where possible. If the parties are unable to reach complete agreement after meeting and conferring, they shall file a joint statement of the undisputed facts about which they do agree. Any party may then file a separate statement of the additional facts that the party contends are undisputed. A party who without substantial justification contends that a fact is in dispute is subject to sanctions.

A Chambers copy of all briefs shall be e-mailed in WordPerfect or Word format to the following address: bzpo@cand.uscourts.gov.

The Court does not normally permit parties to appear by telephone for law and motion hearings.

4. <u>MEDIATION</u>

This matter is referred to the ADR Department to schedule a Mediation to be conducted by March or April of 2009, if possible. The parties shall promptly notify the Court whether the case is resolved at the Mediation.

5. <u>SETTLEMENT</u>

This case is referred for assignment to a Magistrate Judge to conduct a settlement conference in August or September of 2009 in the event the case is not resolved at the Mediation. Counsel will be contacted by that judge's chambers

3

1  with a date and time for the conference.

2  6.    PRETRIAL CONFERENCE

3       Not less than thirty days prior to the date of the
4  pretrial conference, the parties shall meet and take all steps
5  necessary to fulfill the requirements of this Order.

6       Not less than twenty-one days prior to the pretrial
7  conference, the parties shall: (1) serve and file a joint
8  pretrial statement, containing the information listed in
9  **Attachment 1**, and a proposed pretrial order; (2) serve and
10 file trial briefs, Daubert motions, proposed findings of fact
11 and conclusions of law, and statements designating excerpts
12 from discovery that will be offered at trial (specifying the
13 witness and page and line references); (3) exchange exhibits,
14 agree on and number a joint set of exhibits and number
15 separately those exhibits to which the parties cannot agree;
16 (4) deliver all marked trial exhibits directly to the
17 courtroom clerk, Ms. Voltz; (5) deliver one extra set of all
18 marked exhibits directly to Chambers; and (6) submit all
19 exhibits in three-ring binders.  Each exhibit shall be marked
20 with an exhibit label as contained in **Attachment 2**.  The
21 exhibits shall also be separated with correctly marked side
22 tabs so that they are easy to find.

23      No party shall be permitted to call any witness or offer
24 any exhibit in its case in chief that is not disclosed at
25 pretrial, without leave of Court and for good cause.

26      Lead trial counsel for each party shall meet and confer
27 in an effort to resolve all disputes regarding anticipated
28 testimony, witnesses and exhibits.  Not less than eleven days

4

1  prior to the pretrial conference, the parties shall serve and
2  file any objections to witnesses or exhibits or to the
3  qualifications of an expert witness, and any oppositions to
4  <u>Daubert</u> motions.  There shall be no replies.
5      A copy of all pretrial submissions, except for exhibits,
6  shall be e-mailed in WordPerfect or Word format to the
7  following address: bzpo@cand.uscourts.gov.
8      At the time of filing the original with the Clerk's
9  Office, two copies of all documents (but only one copy of the
10 exhibits) shall be delivered directly to Chambers (Room 15-
11 6688).  Chambers' copies of all pretrial documents shall be
12 three-hole punched at the side, suitable for insertion into
13 standard, three-ring binders.
14 Dated: December 23, 2008
15                                    _____
16                                    Bernard Zimmerman
                                      United States Magistrate Judge
17
18 G:\BZALL\-BZCASES\LIBERTY MUTUAL V. UPA CALIFORNIA\SCHEDULING ORDER.wpd

**ATTACHMENT 1**

The parties shall file a joint pretrial conference statement containing the following information:

(1) **The Action.**

    (A) Substance of the Action. A brief description of the substance of claims and defenses which remain to be decided.

    (B) Relief Prayed. A detailed statement of each party's position on the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of those damages.

(2) **The Factual Basis of the Action.**

    (A) Undisputed Facts. A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

    (B) Disputed Factual Issues. A plain and concise statement of all disputed factual issues which remain to be decided.

    (C) Agreed Statement. A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

    (D) Stipulations. A statement of stipulations requested or proposed for pretrial or trial purposes.

(3) **Trial Preparation.**

A brief description of the efforts the parties have

6

made to resolve disputes over anticipated testimony, exhibits and witnesses.

    (A)  Witnesses to be Called. In lieu of FRCP 26(a)(3)(A), a list of all witnesses likely to be called at trial, other than solely for impeachment or rebuttal, together with a brief statement following each name describing the substance of the testimony to be given.

    (B)  Estimate of Trial Time. An estimate of the number of court days needed for the presentation of each party's case, indicating possible reductions in time through proposed stipulations, agreed statements of facts, or expedited means of presenting testimony and exhibits.

    (C)  Use of Discovery Responses. In lieu of FRCP 26(a)(3)(B), cite possible presentation at trial of evidence, other than solely for impeachment or rebuttal, through use of excerpts from depositions, from interrogatory answers, or from responses to requests for admission.  Counsel shall state any objections to use of these materials and that counsel has conferred respecting such objections.

    (D)  Further Discovery or Motions. A statement of all remaining motions, including <u>Daubert</u> motions.

  (4)  **Trial Alternatives and Options.**

    (A)  Settlement Discussion. A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

    (B)  Amendments, Dismissals. A statement of requested or

7

                    proposed amendments to pleadings or dismissals of parties, claims or defenses.

        (C)  Bifurcation, Separate Trial of Issues. A statement of whether bifurcation or a separate trial of specific issues is feasible and desired.

(5) **Miscellaneous.**

Any other subjects relevant to the trial of the action, or material to its just, speedy and inexpensive determination.

8

**ATTACHMENT 2**

| **USDC** <br> Case No. CV08-00611 BZ <br> **JOINT** Exhibit No. _____ <br><br> Date Entered _____ <br><br> Signature _____ | **USDC** <br> Case No. CV08-00611 BZ <br> **JOINT** Exhibit No. _____ <br><br> Date Entered _____ <br><br> Signature _____ |
|---|---|
| **USDC** <br> Case No. CV08-00611 BZ <br> **JOINT** Exhibit No. _____ <br><br> Date Entered _____ <br><br> Signature _____ | **USDC** <br> Case No. CV08-00611 BZ <br> **JOINT** Exhibit No. _____ <br><br> Date Entered _____ <br><br> Signature _____ |
| **USDC** <br> Case No. CV08-00611 BZ <br> **PLNTF** Exhibit No. _____ <br><br> Date Entered _____ <br><br> Signature _____ | **USDC** <br> Case No. CV08-00611 BZ <br> **PLNTF** Exhibit No. _____ <br><br> Date Entered _____ <br><br> Signature _____ |
| **USDC** <br> Case No. CV08-00611 BZ <br> **PLNTF** Exhibit No. _____ <br><br> Date Entered _____ <br><br> Signature _____ | **USDC** <br> Case No. CV08-00611 BZ <br> **PLNTF** Exhibit No. _____ <br><br> Date Entered _____ <br><br> Signature _____ |
| **USDC** <br> Case No. CV08-00611 BZ <br> **DEFT** Exhibit No. _____ <br><br> Date Entered _____ <br><br> Signature _____ | **USDC** <br> Case No. CV08-00611 BZ <br> **DEFT** Exhibit No. _____ <br><br> Date Entered _____ <br><br> Signature _____ |
| **USDC** <br> Case No. CV08-00611 BZ <br> **DEFT** Exhibit No. _____ <br><br> Date Entered _____ <br><br> Signature _____ | **USDC** <br> Case No. CV08-00611 BZ <br> **DEFT** Exhibit No. _____ <br><br> Date Entered _____ <br><br> Signature _____ |