1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                  NORTHERN DISTRICT OF CALIFORNIA

9

10  LIBERTY MUTUAL INSURANCE      )
    CO., a Massachusetts Corp.,   )
11                                )         No. C08-0611 BZ
                Plaintiff(s),     )
12                                )         **ORDER GRANTING IN PART AND**
         v.                       )         **DENYING IN PART PLAINTIFF'S**
13                                )         **MOTION TO DISMISS FIRST**
    UPA CALIFORNIA, a California)            **AMENDED COUNTERCLAIM**
14  general partnership, et al.,)
                                  )
15                                )
                Defendant(s).     )
16  _____)

17       Plaintiff and counter-defendant Liberty Mutual Insurance

18  Company ("Liberty") has moved to dismiss defendants UPA Group,

19  L.C.'s, Amako Resort Construction (U.S.), Inc.'s, and Amir

20  Etemadi's ("defendants") first amended counterclaim

21  ("counterclaim") for failure to state a claim upon which

22  relief can be granted.[1]  Defendants' counterclaim alleges

23  common law breach of contract; breach of the implied covenant

24  of good faith and fair dealing; negligence and negligent

25  performance of a contract; misrepresentation; and declaratory

26  _____

27       [1]   All parties have consented to my jurisdiction, for
    all proceedings including entry of final judgment, pursuant to
28  28 U.S.C. § 636(c).

                                  1

1   relief.  By Order dated November 18, 2008, I granted Liberty's
2   first motion to dismiss defendant's original counterclaim, and
3   specified the particular areas of the counterclaim that were
4   deficient.  (*See* Doc. No. 47.)  For the following reasons,
5   Liberty's motion is **DENIED IN PART AND GRANTED IN PART**.
6   *Breach of Contract and Breach of the Implied Covenant*

7           Defendants' counterclaim for breach of contract and
8   breach of the implied covenant of good faith and fair dealing[2]
9   alleges that Liberty breached paragraph Thirteen of the
10  Indemnity Agreement which states, in part, that "[Liberty]
11  shall have the right, at its option and sole discretion, to
12  adjust, settle or compromise any claim, demand suit or
13  judgment upon any Bond."  (Pl.'s First Amend. Compl. Exh. 1.
14  ¶ 13.)  The counterclaim alleges, among other things, that
15  Liberty first represented to defendants that the claims
16  against them were without merit, that it would deny all of
17  the City Walk Project owner's claims against the bond and
18  that the City Walk Project owner would be obligated to pay
19  defendants.  The counterclaim further alleges that Liberty
20  ceased communicating with defendants and prohibited them from
21  attending meditations at which Liberty "grossly overpaid" the
22  City Walk Project claimants and that in so doing, "Liberty
23  breached the [Indemnity Agreement] by its failure to settle
24  the claims . . . with the required skill, reasonable

25

26         [2]    I see no difference between defendants first and
    second claims for relief.  Both claims allege that Liberty
27  breached an implied term of the Indemnity Agreement by grossly
    overpaying claims and by failing to use care, skill, reasonable
28  experience, and faithfulness in settling the claims.

                                 2

1  expedience and faithfulness required of it under California

2  law." (Def.'s First Amend. Counterclaim ¶¶ 21-27, 34.)[3]  The

3  counterclaim further alleges that defendants were not

4  informed that Liberty had paid twenty-five million dollars to

5  settle the City Walk Project claim until the initial case

6  management conference in this action.  (<u>Id.</u> at ¶ 29.)

7       Accepting as true all material allegations, as well as

8  all reasonable inferences to be drawn from them, so as to

9  construe the pleading in the light most favorable to the

10  non-moving party, I find that defendants have sufficiently

11  pled a claim for breach of the implied covenant of good faith

12  and fair dealing in the Indemnity Agreement.  "Every contract

13  imposes upon each party a duty of good faith and fair dealing

14  in its performance and its enforcement."  <u>Carma Developers,</u>

15  <u>Inc. v. Marathon Dev. California, Inc.</u>, 2 Cal.4th 342, 371

16  (1992).  While the Indemnity Agreement gives Liberty broad

17  discretion to settle all outstanding claims against

18  defendants, it does not relieve it of the implied obligation

19  to exercise its discretion in good faith.  "The covenant of

20

21       [3]    When ruling on a motion to dismiss, if the Court
"considers evidence outside the pleadings, it must normally
22  convert the 12(b)(6) motion into a Rule 56 motion for summary
judgment, and it must give the nonmoving party an opportunity
23  to respond."  <u>U.S. v. Ritchie</u>, 342 F.3d 903, 907 (9th Cir.
2003); Fed. R. Civ. P. 12(b).  However, "documents whose
24  contents are alleged in a complaint and whose authenticity no
party questions, but which are not physically attached to the
25  pleading, may be considered in ruling on a Rule 12(b)(6) motion
to dismiss."  <u>Branch v. Tunnell,</u> 14 F.3d 449, 454 (9th Cir.
26  1994)(*overruled on other grounds* in <u>Marder v. Lopez</u>, 450 F.3d
445 (9th Cir. Cal. 2006)).  Here, neither party questions the
27  authenticity of the Indemnity Agreement.  Accordingly, I may
consider the terms of the Indemnity Agreement in ruling on
28  defendants' motion to dismiss.

3

1  good faith finds particular application in situations where
2  one party is invested with a discretionary power affecting
3  the rights of another.  Such power must be exercised in good
4  faith."  Id. at 372.

5       This is consistent with the general rule that a surety
6  is not entitled to indemnification for any payments made
7  fraudulently or without good faith.  See Arntz Contracting
8  Co. v. St. Paul Fire & Marine Ins. Co., 47 Cal.App.4th 464
9  (1996) ("A surety is not entitled to indemnification for
10  amounts paid in settlement of claims upon its bonds if the
11  settlement is not made in good faith.").[4]  Defendants have
12  sufficiently alleged that Liberty did not exercise its
13  discretion to settle the City Walk Project claim in good
14  faith; therefore, Liberty's motion to dismiss defendants'
15  first and second claims for relief is **DENIED**.
16  *Negligence and Negligent Performance of Contract*

17       Defendants also seek to recover tort damages for
18  Liberty's alleged breach of the implied covenant of good
19  faith and fair dealing.  Liberty argues that defendants'
20  claims for negligence and negligent performance of contract
21  must be dismissed because defendants' only negligence
22  allegations are based on Liberty's alleged breach of the
23  Indemnity Agreement, which is a breach of contract, not a
24  tort.  In California, "conduct amounting to a breach of
25  contract becomes tortious only when it also violates a duty

26

27  _____
    [4]     Liberty'S reliance on Travelers Casualty & Surety Co.
28  of Amer. v. Amoroso, 2004 WL 1918890 (N.D. Cal.)is misplaced
    since Amoroso, does not discuss or cite to Arntz, the state
    court ruling most on point.

                              4

1    independent of the contract arising from principles of tort
2    law." <u>Erlich v. Menezes</u>, 21 Cal.4th 543, 551 (1999) (citing
3    <u>Applied Equip. Corp. v. Litton Saudi Arabia Ltd.</u>, 7 Cal.4th
4    503, 515 (1994)).[5]  Defendants do not allege that Liberty owed
5    them a duty independent of the Indemnity Agreement, and the
6    California Supreme Court has declined to extend tort
7    liability to the breach of a construction performance bond.
8    <u>Cates Construction, Inc. v. Talbot Partners</u>, 21 Cal.4th 28,
9    44-45 (1999).[6]  Here, because defendants allege only a surety
10   relationship with Liberty to support their negligence claim,
11   Liberty's motion to dismiss defendants' third claim for
12   relief is **GRANTED**.

13   *Negligent Misrepresentation*

14        Liberty next argues that defendants' counterclaim for
15   misrepresentations should be dismissed for failure to meet
16   the particularity requirements of Rule 9(b).[7]  Without
17   deciding whether Rule 9(b)'s heightened pleading standards
18   apply to claims for negligent misrepresentation, I find that

19

20        [5]    Defendants' reliance on <u>Eads v. Marks</u>, 39 Cal.2d 807,
21   811 (1952) is misplaced.  <u>Eads</u> has been refuted by later
     California case law that establishes the independent duty
22   requirement.

23        [6]    Defendants mistakenly rely on <u>North American Chemical
     Co. v. Superior Court</u>, 59 Cal.App.4th 764 (1997), for the
24   proposition that negligent performance of a contract may be a
     breach of contract or a tort, and a party may assert both
25   claims until the appropriate time for an election of remedies.
     While that statement may be true in certain contexts, <u>Menezes</u>
26   and <u>Cates Construction</u>, decided after <u>North American Chemical</u>,
     make clear that this is not one of them.

27        [7]    Rule 9(b) requires that "in all averments of fraud or
     mistake, the circumstances constituting fraud or mistake shall
28   be stated with particularity."  Fed. R. Civ. Proc. 9(b).

5

1  defendants have adequately pled a claim for negligent
2  misrepresentation.  "Rule 9(b) particularity requirements
3  must be read in harmony with Federal Rule of Civil Procedure
4  8's requirement of a 'short and plain' statement of the
5  claim" so that a pleading is sufficient under Rule 9(b) if
6  "it identifies the circumstances constituting the
7  misrepresentation so that the defendant can prepare an
8  adequate answer from the allegations."  Berger v. Seyfarth
9  Shaw, LLP, Case No. 07-05279, 2008 WL 4067436 at *1 (N.D.
10 Cal. Aug. 28, 2008)(quoting Neubronner v. Milken, 6 F.3d 666,
11 671 (9th Cir. 1993)).  Here, defendants have sufficiently
12 alleged facts regarding the nature of Liberty's
13 misrepresentations such that Liberty can prepare an adequate
14 answer.  (See Amend. Counterclaim ¶¶ 12-14, 21-29.)
15 Accordingly, Liberty's motion to dismiss defendants' fourth
16 claim for relief is **DENIED**.[8]
17 *Declaratory Relief*

18      An action for declaratory judgment is procedural in
19 nature and purpose.  A federal court exercising diversity
20 jurisdiction follows federal procedural rules and, thus,
21 federal law determines the rules to apply to a request for
22 declaratory judgment relief in a given case.  Golden Eagle
23 Ins. Co. v. Travelers Cos., 103 F.3d 750, 753 (9th Cir.
24 1996), *overruled on other grounds by* Gov't Employees. Ins.

25

26      [8]     To the extent that defendants are claiming that
   Etemadi was induced to enter into the Indemnity Agreement in
   his individual capacity by the misrepresentation that Liberty
27 would also induce Anderson to do the same, I do not read
   paragraphs ten and sixteen of the Indemnity Agreement as
28 barring that claim as a matter of law.

6

1   Co. v. Dizol, 133 F.3d 1220 (9th Cir. 1998); *see also* Federal

2   Kemper Ins. Co. v. Rauscher, 807 F.2d 345, 352 (3d Cir.

3   1986).  "The Declaratory Judgment Act confers on federal

4   courts unique and substantial discretion in deciding whether

5   to declare the rights of litigants."  Wilton v. Seven Falls

6   Co., 515 U.S. 277, 286-87(1995); Greater Los Angeles Council

7   on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1112 (9th Cir.

8   1987) (citing Doe v. Gallinot, 657 F.2d 1017, 1024 (9th Cir.

9   1981)).  Pursuant to section 2201, any court "may declare the

10  rights and other legal relations of any interested party

11  seeking such declaration, whether or not further relief is or

12  could be sought."  28 U.S.C. § 2201 (a).

13       The Declaratory Judgment Act ("DJA") permits a federal

14  court to "declare the rights and other legal relations" of

15  parties to "a case of actual controversy."  28 U.S.C. § 2201;

16  *see* Wickland Oil Terminals v. Asarco, Inc., 792 F.2d 887, 893

17  (9th Cir. 1986).  "A declaratory judgment is inappropriate

18  solely to adjudicate past conduct."  Delaware State

19  University Student Housing Foundation v. Ambling Management

20  Co., 556 F.Supp.2d 367, 374-4 n.52 (D. Del. 2008); *see also*

21  Alpine Group, Inc. v. Johnson, Case No. 01-5532, 2002 WL

22  10495, at *4 (S.D.N.Y. Jan. 3, 2002).  Because defendants are

23  not entitled to declaratory relief with respect to past

24  wrongs, Liberty's motion to dismiss defendants' claim for

25  declaratory relief regarding the City Walk Project is

26  **GRANTED**; however, to the extent that defendants also seek

27  declaratory relief with respect to the Curry Village Project,

28  Liberty's motion is **DENIED**.

1    Liberty shall file an answer by March 2, 2009.

2

3    Dated: February 13, 2009

4                                Bernard Zimmerman
                                 United States Magistrate Judge
5

6

7

8
     G:\BZALL\-BZCASES\LIBERTY MUTUAL V. UPA CALIFORNIA\ORDER ON MOTION TO DISMISS
9    AMENDED COUNTERCLAIM.FINAL ORDER.wpd

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8